SOUTH ORANGE TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. PHILIP ALBANESE AND JOSEPHINE ALBANESE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 27, 1950—Decided December 13, 1950.

Before Judges JACOBS, EASTWOOD and BIGELOW.

*Mr. Reuben W. Massarsky* argued the cause for the plaintiff-appellant.

No appearance was entered by the defendants-respondents.

PER CURIAM. ▉▉ This appeal is from an order entered by Judge Francis of the Essex County Court, refusing to direct the issuance of an execution against the wages of the defendant, Philip Albanese, on the ground that the proof submitted in support of the application therefor was hearsay and not competent under *Rule* 3:43–3. Actually, the order in question is not such a "final judgment" or interlocutory order from which an appeal is permitted by *Rules* 4:2–1 and 2. *Palm Beach Mercantile Co. v. Ivers,* 2 *N. J. Super.* 5 (*App. Div.* 1949). The order here is one that is not based upon a legal right, but its allowance rests upon the discretion of the court and it is not reviewable, therefore, on appeal. *Palm Beach Mercantile Co. v. Ivers, supra.* There was no finality to the order entered. By submitting to the court new affidavits based upon the knowledge of the affiant or taking the testimony of competent witnesses before the court, the relief sought by the appellant may be obtained. The relief sought by the appellant is such that it can only be accomplished by way of an amendment of the Rule. Notwithstanding the order is not appealable, we think the question is one that warrants brief comment.

The plaintiff-appellant contends that the pertinent statute, *R. S.* 2:26–182, is controlling and that *Rule* 3:43–3 is not applicable. We are not in accord with plaintiff's view. The pertinent part of the statutory provision reads as follows:

"When a judgment has been recovered and where any wages, * * * are due and owing to the judgment debtor, * * * to the amount of eighteen dollars or more a week, the judgment creditor may, without notice to the judgment debtor, apply to the court * * * and upon satisfactory proofs, by affidavit or otherwise, of such facts, the court, * * * shall grant, an order direction that an execution issue against the wages, * * * of the judgment debtor."

*Rule* 3:43–3 provides as follows:

"When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the affidavits shall be made on personal knowledge and shall set forth only facts which are admissible in evidence and to which the affiant is competent to testify. The court may direct the affiant to submit to cross-examination, or it may hear the matter wholly or partly on oral testimony or depositions."

The plaintiff contends that "The Legislature definitely intended to lower the quality of proof by inserting the words 'or otherwise' after the word 'affidavit'" and that the proofs submitted to the County Court sufficiently satisfied the statutory requirement. We are convinced that *Rule* 3:43–3 is applicable. See *Winberry v. Salisbury,* 5 *N. J.* 240 (*Sup. Ct.* 1949). Judge Francis properly exercised his discretion in enforcing the rule by denying plaintiff's application, based, as it was, on "hearsay" affidavits.

The appeal is dismissed, without costs.